575 F.2d 920
 188 U.S.App.D.C. 39
 NORTHERN ILLINOIS GAS COMPANY, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Natural Gas Pipeline Company of America and Illinois Power
Company, Intervenor.
NORTHERN ILLINOIS GAS COMPANY, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Northern Indiana Public Service Company, Natural Gas
Pipeline Company of America and Columbia Gas
Transmission Corporation, Intervenors.
 Nos. 76-2094 and 76-2095.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Feb. 24, 1978.
Decided March 23, 1978.
 
 Wendell H. Adair, Jr., Chicago, Ill., with whom J. Stanley Stroud, Chicago Ill., was on the brief, for petitioners.
 Barbara J. Weller, Atty., Federal Energy Regulatory Commission, Drexel D. Journey, Gen. Counsel, Robert W. Perdue, Deputy Gen. Counsel, Allan Abbot Tuttle, Sol. and Thomas M. Walsh, Atty., Federal Energy Regulatory Commission, Washington, D. C., were on the brief, Thomas M. Walsh, Atty., Federal Energy Regulatory Commission, Washington, D. C., for respondent.
 
 
 1
 Paul W. Mallory, Chicago, Ill., with whom Paul E. Goldstein, Chicago, Ill., was on the brief, for intervenor, Natural Gas Pipeline Co. of America in No. 76-2094 and 76-2095.
 
 
 2
 John D. Daley and Giles D. H. Snyder and Stephen J. Small, Charleston, W. Va., were on the brief, for intervenor, Columbia Gas Transmission Corporation in No. 76-2095.
 
 
 3
 Joseph T. Morrow, Hammond, Ind., entered an appearance for intervenor, Northern Indiana Public Service Co.
 
 
 4
 Before TAMM and LEVENTHAL, Circuit Judges, and GASCH,* United States District Judge for the United States District Court for the District of Columbia.
 
 PER CURIAM:
 
 5
 The orders of the Federal Power Commission[1] brought to this court for review are limited in scope and we see no need for an extended opinion.
 
 
 6
 In general, the Commission has complied with our APGA decision[2] by providing for a 9% interest rate on refunds by natural gas companies as to amounts collected on or after October 10, 1974. In due course it excepted refunds paid pursuant to Commission orders that had become final as of the date of APGA (May 19, 1976). It was not unreasonable for the Commission to establish exceptions on the basis of cutoff dates, combining administrative and equitable considerations; and it did not act unreasonably in drawing "grandfather" lines (retaining the prior 7% rate) on the basis of the date on which Commission orders ordering refunds became final.
 
 
 7
 For similar reasons, it was not arbitrary to establish reasonable exceptions in the case of settlement agreements. The Commission retains an overall jurisdiction to vindicate the public interest, but that embraces an interest in retaining the benefit of bargained results, without exposing the settlements to the hazards of unscrambling particular elements of the overall agreement.
 
 
 8
 The Commission's order of Dec. 6, 1976, can be taken as laying down a rule that henceforward there could be no bargaining about interest rate, and all settlement agreements filed on or after Dec. 6, 1976, must carry a 9% interest rate. That is not unreasonable.
 
 
 9
 For settlement agreements filed between May 19 and Dec. 6, 1976, the Commission has drawn a distinction between agreements that reflect only a single interest rate (the 7% previously adopted by the Commission) which on their face demonstrably negative a "bargaining" over interest rates, and agreements that set forth two interest rates, a fact that is discernible on the face of the agreement and supports an inference that there has been bargaining over interest rates. Appellant argues it would have been able to rebut that inference, but the Commission did not act unreasonably in evolving a general rule that would avoid the necessity of undertaking particularistic inquiries. In sum, it was not unreasonable for the Commission, in effectuating the broad policy of encouraging settlements, to conclude that agreements with plural interest rates (filed prior to the Dec. 6, 1976 cutoff) should be accepted as written.
 
 
 10
 Appellants have in part the benefit of a 9% rate. We cannot say that the Commission has acted in a manner that is inequitable or contrary to the interest of justice.
 
 
 11
 Affirmed.
 
 
 
 *
 Sitting by designation pursuant to Title 28 U.S.C. § 292(a)
 
 
 [1]
 Order Denying Rehearing and Further Clarifying Order No. 513-A (issued Dec. 6, 1976 in Docket No. RM74-18); Opinions Nos. 762 and 762-A (issued on May 21, 1976 and Dec. 6, 1976, respectively, in Docket No. RP74-96)
 
 
 [2]
 American Public Gas Ass'n. v. FPC, 178 U.S.App.D.C. 217, 546 F.2d 983 (1976)